IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLACE MORRIS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-1198 |
| | : | |
| FPC LEWISBURG, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

### **MEMORANDUM**

July 7, 2015

**Background**

    Wallace Morris, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is the Federal Prison Camp, Lewisburg, Pennsylvania (FPC-Lewisburg).[1] Morris' pending action does not challenge the legality of his criminal conviction or the resulting sentence. Rather, Petitioner seeks relief with respect to sanctions imposed against him as the result of an institutional

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case the LSCI-Allenwood Warden. See 28 U.S.C. § 2242.

disciplinary hearing.

Based upon a review of the sparsely worded Petition, Petitioner was issued an institutional misconduct charge for possession of a cell phone/ electronic device. See Doc. 1, Exhibit A. He was found guilty of that charge following a January 9, 2015 hearing before Disciplinary Hearing Officer (DHO) Jordan at FPC-Lewisburg and received sanctions including a 41 day disallowance of good conduct time. See Doc. 1, ¶ 6. Thereafter, Morris indicates that he pursed an unsuccessful administrative appeal.

In his pending action, Petitioner raises two vague arguments. First, he generally contends that DHO Jordan failed "to do a complete investigation." Id. at ¶ 7. Second, Petitioner claims that no sanction should have been imposed because the DHO's finding of guilt was not based upon "substantial evidence." Id. He offers no other supporting facts or arguments. As relief, the Petitioner seeks the restoration of his 41 days of forfeited good conduct time, expungement of the finding of guilt, and a transfer.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).

See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the

deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nevertheless, the United States Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent United States Supreme Court decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). Since Petitioner alleges that he was sanctioned to a loss of good time credits which adversely affected the duration of his ongoing federal confinement, his claims are arguably raised in a § 2241 petition.

Wolff set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id. An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the United States Supreme Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

There is no claim by Petitioner that he requested, but was denied, the opportunity to be provided with a staff representative. Morris does not assert that the presiding DHO was biased. There is also no allegation that the DHO failed to issue a detailed written decision explaining the reasoning underlying the finding of guilt. Petitioner does not maintain that he was denied the opportunity to call witnesses or, submit supporting documents as contemplated under Wolff. Petitioner also does not contend that he was not afforded with the amount of

advance written notice required under Wolff. Pursuant to the above discussion, this Court is satisfied that Petitioner has not raised a cognizable claim that he was denied any of his mandated Wolff due process protections.

With respect to Petitioner's vague allegation that the DHO failed to undertake a complete investigation, there is no recognized procedural due process protection under Wolff or Hill which requires a prison disciplinary hearing officer to conduct an investigation. Second, in regards to Morris' bald claim that the DHO made a decision which was not based upon substantial evidence, Hill only requires that there must be **some** evidence which supports the conclusion of the disciplinary tribunal. Furthermore, a federal court has no duty to independently weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 269, 277 (6th Cir. 1988). The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8, 11 (M.D. Pa. 1979).

As such, Petitioner's wholly conclusory assertion that DHO Jordan's evidence was not supported by **substantial** evidence does not set forth a viable federal habeas corpus claim.[2] Moreover, this petition simply does not raise an

---

[2] It is noted that "[p]ossession of anything not authorized for retention or receipt by the inmate and not issued to him through regular channels" is prohibited.

assertion that the record was so devoid of evidence that the findings by the DHO were without support or otherwise arbitrary. The petition for writ of habeas corpus will be denied. An appropriate Order will enter.

                    BY THE COURT:

                    s/ Matthew W. Brann
                    Matthew W. Brann
                    United States District Judge

---

Patel v. Zenk, 447 Fed. Appx. 337, 339, n. 2. (3d Cir. 2011).